UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LENNON O. GIVENS,

      Plaintiff,
v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

      Defendant.
_____)

## COMPLAINT

The Plaintiff, LENNON O. GIVENS ("GIVENS"), by and through his undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. GIVENS brings this action to recover disability insurance benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. GIVENS was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the Commonwealth of Pennsylvania that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to GIVENS by LINA.

6. GIVENS was at all times material an employee of or former employee of CSX Corporation.

7. By way of his employment with CSX Corporation, GIVENS was at all times material a plan participant under Disability Plan/Policy LK-0964796 (the "Disability Plan"), which is a disability insurance plan/policy issued to Trustee of the Group Insurance Trust for Employers in the Transportation and Public Utilities Industries, of which CSX Corporation was a subscriber. Disability Plan/Policy LK-0964796 is insured by LINA. It is pursuant to Disability Plan/Policy LK-0964796 for which GIVENS is entitled to benefits. A copy of the Disability Plan and Certificate as provided by LINA to GIVENS is attached hereto as Exhibit "A".

8. The Disability Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the Disability Plan and was the Plan

        Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the Disability Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the Disability Plan, GIVENS is entitled to disability benefits for the duration of his disability, or age 67, so long as he remains disabled as required under the terms of the Disability Plan.

12. According to the Disability Plan,

**Definition of Disability/Disabled**
The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 60% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability.

**Return to Work Incentive**
The Return to Work Incentive is shown in the Schedule of Benefits. An Employee may work for wage or profit while Disabled. In any month in which the Employee works and a Disability Benefit is payable, the Return to Work Incentive applies.

The Insurance Company will, from time to time, review the Employee's status and will require satisfactory proof of earnings and continued Disability.

> **Return to Work Incentive**
> During any month the Employee has Disability Earnings, his or her benefits will be calculated as follows.
>
> The Employee's monthly benefit payable will be calculated as follows during the first 24 months disability benefits are payable and the Employee has Disability Earnings:
>
> 1. Add the Employee's Gross Disability Benefit and Disability Earnings.
> 2. Compare the sum from 1. to the Employee's Indexed Earnings.
> 3. If the sum from 1. exceeds 100% of the Employee's Indexed Earnings, then subtract the Indexed Earnings from the sum in 1.
> 4. The Employee's Gross Disability Benefit will be reduced by the difference from 3., as well as by Other Income Benefits.
> 5. If the sum from 1. does not exceed 100% of the Employee's Indexed Earnings, the Employee's Gross Disability Benefit will be reduced by Other Income Benefits.
>
> After disability benefits are payable for 24 months, the monthly benefit payable is the Gross Disability Benefit reduced by Other Income Benefits and 50% of Disability Earnings.
>
> No Disability Benefits will be paid, and insurance will end if the Insurance Company determines the Employee is able to work under a modified work arrangement and he or she refuses to do so without Good Cause.

13. Since approximately May 12, 2017, GIVENS has been disabled under the terms of the Disability Plan.

14. Shortly after becoming disabled, GIVENS made a claim to LINA under the Disability Plan for long term disability benefits. Although initially denied, following a series of administrative appeals, benefits were eventually paid through March 9, 2020.

15. By way of a denial letter dated March 18, 2020, LINA denied GIVENS's claim for continued long term disability benefits beyond March 9, 2020, contending that GIVENS no longer remained disabled as defined by the policy.

16. GIVENS timely and properly appealed LINA's initial denial letter of March 18, 2020.

17. By letter dated February 11, 2021, LINA informed GIVENS that it had now determined that it was "unable to continue paying benefits beyond March 18, 2020." This letter also informed GIVENS that all administrative remedies had

been exhausted.

18. At all relevant times GIVENS complied with all conditions precedent and exhausted all administrative remedies under the Disability Plan.

19. At all relevant times, solely because of injury or sickness, GIVENS has been unable to perform all the material duties of his Regular Occupation and unable to earn 80% or more of his Indexed Earnings from working in his regular occupation.

20. At all relevant times, solely due to injury or sickness, GIVENS has been unable to perform all the material duties of any occupation for which he is, or may reasonably become, qualified based on education, training or experience and unable to earn 60% or more of his Indexed Earnings.

21. At all relevant times, GIVENS has been under the regular care of a doctor.

22. At all relevant times, GIVENS was a Covered Person under the Disability Plan.

23. As of March 19, 2020, GIVENS has not received benefits owed to him under the Disability Plan despite GIVENS's right to these benefits.

24. LINA has refused to pay GIVENS's claim for long term disability benefits beyond March 18, 2020.

25. At all relevant times, LINA was the payer of benefits.

26. At all relevant times, LINA was the "Insurance Company" identified throughout the Disability Plan.

27. At all relevant times, LINA was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the Disability Plan and for deciding any appeals of denied claims.

28. At all relevant times, GIVENS has been and remains Disabled and entitled to disability benefits from LINA under the terms of the Disability Plan.

29. GIVENS has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

30. GIVENS incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), GIVENS, as a participant under the Disability Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. GIVENS has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA's failure to pay him continued long term disability benefits.

34. GIVENS has exhausted all administrative remedies under the Disability Plan.

35. Defendant breached the Disability Plan and violated ERISA in the following respects:

    (a) Failing to pay long term disability benefit payments to GIVENS at a time when LINA knew, or should have known, that GIVENS was entitled to those benefits under the terms of the Disability Plan, as GIVENS was disabled and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the Disability Plan documents, in relation to the applicable facts and Disability Plan provisions, for the denial of GIVENS's claim for disability benefits;

(c) After GIVENS's claim was denied in whole or in part, LINA failed to adequately describe to GIVENS any additional material or information necessary for GIVENS to perfect his claim, along with an explanation of why such material is or was necessary.

(d) LINA failed to properly and adequately investigate the merits of GIVENS's disability claim and failed to provide a full and fair review of GIVENS's claim.

36. GIVENS believes and thereon alleges that LINA wrongfully terminated his claim for disability benefits under the Disability Plan by other acts or omissions of which GIVENS is presently unaware, but which may be discovered in this future litigation and which GIVENS will immediately make LINA aware of once said acts or omissions are discovered by GIVENS.

37. Following the termination of benefits under the Disability Plan, GIVENS exhausted all administrative remedies required under ERISA and GIVENS has performed all duties and obligations on his part to be performed under the Disability Plan.

38. As a proximate result of the aforementioned wrongful conduct of LINA, GIVENS

has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding GIVENS's claim for benefits, GIVENS, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), GIVENS is entitled to have such fees and costs paid by LINA.

40. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, GIVENS is entitled to enforce his rights under the terms of the Disability Plan and to clarify his right to future benefits under the terms of the Disability Plan.

## REQUEST FOR RELIEF

WHEREFORE, LENNON O. GIVENS prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of long term disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Disability Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the Disability Plan for so long as Plaintiff remains disabled under the terms of the Disability Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 17, 2021

> ATTORNEYS DELL AND SCHAEFER, CHARTERED
> Attorneys for Plaintiff
> 2404 Hollywood Boulevard
> Hollywood, FL 33020
> (954) 620-8300
>
> *S/ Alexander A. Palamara*
> ALEXANDER A. PALAMARA, ESQUIRE
> Florida Bar No: 0037170
> Email: alex@diattorney.com
> GREGORY MICHAEL DELL, ESQUIRE
> Florida Bar No: 299560
> Email: gdell@diattorney.com